[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant, Fred Ray Warren, appeals the judgment of the Hamilton County Court of Common Pleas, Domestic Relations Division, ordering spousal support in a divorce action. For the following reasons, we affirm the judgment of the domestic relations court.
The record discloses that Mr. Warren and plaintiff-appellee, Christine Warren, were married in 1977. They separated in 1999, with Mrs. Warren remaining in the marital residence. Three children were born of the marriage, but, at the time of the decree, only two children remained unemancipated. The parties' son, Nicholas, was emancipated in June 2000, shortly after the entry of the divorce decree.
A magistrate presided over the property trial. The evidence indicated that, during the marriage, Mrs. Warren did not work outside of the home. At the time of the decree, however, she had begun making draperies at home and was grossing approximately $12,000 per year. At the time of the decree, Mr. Warren was working for a new employer and was earning $75,000 per year. Mr. Warren's highest salary during the marriage had been $89,000. The record also reflects that the parties had accumulated substantial credit-card debts during the marriage. At the time of the decree, they were merely servicing the interest payments on those debts.
On October 20, 2000, the magistrate issued her decision in which she equally divided the marital assets, allocated the marital debt and determined that Mrs. Warren was entitled to receive child and spousal support.[1] Specifically, the magistrate recommended that she receive spousal support in the amount of $2,000 per month from September 2, 1999, until the sale of the marital residence, at which time, spousal support would decrease to $1,500 per month for the next sixty months. In arriving at her decision, the magistrate explicitly considered each of the factors set forth in R.C. 3105.18(C)(1).
Mr. Warren filed objections to the magistrate's award of spousal support. The lower court held a hearing on those objections and modified the magistrate's award to reflect that Mr. Warren would be obligated to pay $1,500 per month as spousal support until June 2000, at which time he would be obligated to pay $2,000 per month.[2]
In his first assignment of error, Mr. Warren asserts that the lower court erred in the amount of spousal support it awarded to Mrs. Warren. In his second assignment of error, Mr. Warren contends that the amount and duration of spousal support were not supported by the evidence. Because these assignments raise similar issues, we discuss them together.
In determining the amount and duration of spousal support, the domestic relations court must consider the factors enumerated in R.C. 3105.18(C)(1). The court has broad discretion in matters of spousal support, and its decision will not be reversed absent an abuse of that discretion.[3]
The term "abuse of discretion" means more than a mere error of law or judgment; it implies that the court's decision was unreasonable, arbitrary, or unconscionable.[4]
In the case at bar, the lower court did not abuse its discretion in arriving at its award of spousal support. Given the disparity in the parties' income levels, the duration of the marriage, and the standard of living that the parties enjoyed during the marriage, the award of $2,000 per month cannot be characterized as unreasonable, arbitrary, or unconscionable. Though Mr. Warren argues that the domestic relations court did not give due consideration to Mrs. Warren's needs and his own ability to pay, this contention is not supported by the record. As noted above, the magistrate specifically considered each of the factors of R.C. 3105.18(C)(1) in her written decision, and the decree entered by the domestic relations court following the objections also reflects a proper consideration of the statutory factors.[5]
We also find no merit in Mr. Warren's contention that the lower court relied on speculation, rather than evidence, in arriving at its award of spousal support. The record reflects that the court based its award on the evidence of the parties' relative incomes, standard of living, and other factors as demonstrated in the hearing before the magistrate. Although Mr. Warren argues, among other things, that Mrs. Warren's education and skills warranted the imputation of a greater income than the lower court calculated, our review of the record convinces us that the court's decision was in accordance with the evidence. If Mrs. Warren's income increases or other circumstances change, he may file a motion to modify with the domestic relations court, which has explicitly retained jurisdiction over the matter. Mr. Warren's two assignments of error are overruled, and the judgment of the lower court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Hildebrandt and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
[1] Earlier in the proceedings, the court had awarded Mrs. Warren child and spousal support pendente lite.
[2] The lower court noted that Mr. Warren's obligation to pay child support in the amount of $209.11 per month for Nicholas would terminate at that time and that his obligation for Nicholas's high school tuition would also cease.
[3] Schroeder v. Schroeder (Aug. 18, 2000), Hamilton App. No. C-990532, unreported.
[4] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140, 1142.
[5] Mr. Warren also notes that the increase in spousal support coincided with the emancipation of Nicholas. He argues that this circumstance evinces an intention on the part of the trial court to implicitly extend child-support payments for Nicholas. While we are mindful of Mr. Warren's argument that child support and spousal support are distinct issues, we nonetheless hold that the amount of spousal support ordered after the emancipation of the child was in accordance with the factors set forth in R.C. 3105.18(C)(1). We therefore find no abuse of discretion in the award.